## Case No. 14,901.

### UNITED STATES v. CUMMINGS.

[3 Pittsb. Leg. J. 405.]

District Court, W. D. Pennsylvania.   April 5, 1856.

#### INDICTMENT—EMBEZZLEMENT BY POSTMASTER.

[An indictment charging a postmaster with taking a note on a bank from a package in the mail, and converting it to his own use, is fatally defective, without an averment that the note was the property of some person.]

[Cited in U. S. v. Laws, Case No. 15,579; U. S. v. Haynes, 29 Fed. 698.]

Before IRWIN, District Judge.

So ordered by THE COURT, and entered upon the record. [Case No. 14,900.]

Judge Shaler then stated that, inasmuch as the argument on the motion in arrest of judgment had been heard, his honor would be pleased to decide upon it.

---

## Case No. 14,901a.

### UNITED STATES v. CUMMINGS.

[3 Pittsb. Leg. J. 45.]

District Court, W. D. Pennsylvania.   May 26, 1855.

#### INDICTMENT—EMBEZZLEMENT BY POSTMASTER.

[An indictment based on the second clause of the 21st section of the post-office law (of 1825; 4 Stat. 107), and charging the postmaster with taking from a letter in the mails a note on a bank, and converting the same to his own use, is fatally defective if it fails to aver that the note was a thing of value.]

Tuesday having been appointed by Judge IRWIN for delivering his opinion on the motion for an arrest of judgment in the case of Henry Cummings, convicted in the United States district court for robbing the mail at Harrison Valley post-office, Potter county, the prisoner was brought into court at 10 o'clock, to hear the result. He exhibited much anxiety. The main point argued by the defence was that the indictment did not set forth that the article stolen was a thing of intrinsic value. The question never having been raised before, the decision of Judge IRWIN will possess additional importance. The report which we give below was made up from notes taken at the delivery of the opinion [Case No. 14,-900]:

The case of U. S. v. Cummings was continued until the present to enable the court to examine the authorities referred to by the counsel for the government and for the defence in their arguments on the motion in arrest of judgment. The court had looked into the many others not cited, with much care. The case of U. S. v. Mills [7 Pet. (32 U. S.) 138], cited by United States attorney, did not seem to involve the point at issue. The question there was whether the indictment contained sufficient averment of guilt to convict. It was not based upon the 21st section of the post-office law, but upon the 24th section, which provides that he who shall embezzle, destroy, or secrete, or aid or assist therein, shall be subject to the same penalty. In the case referred to, the value of the bank notes contained in the letter were to the jury unknown. No value was given. The question in the case before the court was whether the value of the bank note should have been inserted in the indictment. In the case of Mills the only question was whether it was necessary to make an averment of guilt to convict the accessory. The court replied, as an ab-

stract question, in the affirmative; but that also in the indictment it was sufficiently averred. The principal had been previously convicted, and in the case of the accessory it was only necessary to establish that fact. The case referred to had no bearing whatever on the point at issue.

· The only cases brought before the United States court, reported, were [U. S. v. Nott, Case No. 15.900, and United States v. Lancaster, Id. 15,556]. In the case of U. S. v. Nott the court says, if the money taken was counterfeit, or upon a bank that never existed, or upon an insolvent institution, it would not be an offence under the statute. In that trial the case did not turn upon the value, &c., but the point was raised in argument. The decision of the court, however, sustains the position of the defence. In the case U. S. v. Lancaster the question now under consideration, though referred to in that case in argument, was not decided by the court. , Referring to the value, had it been contained in the motion to quash, it would have been the strongest point in the case, but as it did not, the motion was refused on other grounds.

There is a very essential difference between the first and second clauses of the 21st section of the post-office law. In the first clause the offence was secretly embezzling and destroying a letter not containing anything of value, and the penalty was a fine of $300 and imprisonment for six months. The offence in the latter consists not only in embezzling, destroying, and secreting, but doing that, and taking from it any of the instruments contained in the letter, and for that the punishment was ten years' imprisonment. Simply prying into a letter, without intent to steal, is very often done, and is a mild offence. The crime is greatly increased if an article of value is taken out of it. The essence of the offence is the value of the instrument contained in the letter,—the question was, whether it possessed intrinsic value. Hence it was necessary to state whether the article was of value. In indictments for larceny at common law the essential part of the indictment was the statement that the article alleged to have been stolen was of value. The value must appear. In this case, in which the offence was committed for the purpose of gaining by the loss of another, the value should also be stated. At common law the indictment could not be sustained.

A large portion of the 21st section is taken from a statute of Geo. III. The very words are the same. Upon examining the forms of indictment used under the English statute, the court found the value of the article contained in the letter was always inserted, and in one case particularly, where a draft was stolen, which was invalid for want of a stamp, on which account the indictment was not sustained. In other cases, where the postmaster or clerk was charged with the offence of which Cummings was convicted, the forms of the indictment also showed the value of the article

contained in the letter; and, where coin was taken, the denomination and value were mentioned. There was no reason why the value of the note should have been omitted in the indictment in the case of Cummings. Embezzling, under the act of congress, is a much more serious offence than larceny, in all cases of which the value must be set forth. It involved a breach of trust,—a violation of oath, —besides the stealing. But surely, in this country, it could not be the case that the taking of a note of no value, as is so often the case in the frequent bankruptcy of banks. should subject a defendant to the punishment contemplated in the statute. And this is decided by Judge McLean in the case of U. S. v. Nott.

There are many other articles contained in letters valuable only to the persons sending or receiving, but possessing no intrinsic value. It must have intrinsic value to be the foundation of a prosecution of this kind, and that value must be set forth in the indictment.

In this view of the subject the court were of opinion that the judgment should be arrested.

Judge Shaler remarked that there was an indictment pending against Cummings for the larceny of the note contained in the letter, for the embezzlement of which he had been tried, and he requested the court to make an order fixing the amount of bail proper to be given. His honor was not prepared at present to name the amount, and therefore remanded Cummings to prison.

Another indictment will probably be presented at the next term of court, the form of which will be laid down by Judge IRWIN in the above decision.

[NOTE. Subsequently a bill was entered against the defendant upon a charge of larceny for a $50 note. The jury rendered a verdict against the prisoner, who was then remanded. Case No. 14,901b.
[At a final hearing the next year the prisoner was released, having entered into a bond for $2,000. Case No. 14,901.]